# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LARRY D. DOUGLAS,**

        **Plaintiff,**

**-vs-**                                                         **Case No. 6:11-cv-1050-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for Social Security disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

### Procedural History

Following denial of a previous application, Plaintiff again sought Social Security Disability Insurance Benefits, asserting that he has been disabled since January 27, 2006 (R. 122-126). This claim was denied initially and upon reconsideration (R.72-74,77-78). Thereafter, Plaintiff requested and received an administrative hearing before an Administrative Law Judge ("the ALJ") (R. 41-60). On June 9, 2009, the ALJ issued a decision denying Plaintiff's claim (R. 27-40). A Request for Review of a Hearing Decision was filed (R. 12-15), but the Appeals Council denied the request (R. 1-4), making the ALJ's determination the final decision of the Commissioner.

Following the filing of the Complaint for review (Doc. No. 1), the parties consented to the jurisdiction of the United States Magistrate Judge. The matter has been fully briefed and oral argument has been waived. The case is thus ripe for review under 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to high blood pressure, heart problems, swollen arms and legs, and severe back pain (R. 168).

*Summary of Evidence Before the ALJ*

Plaintiff was forty eight years old at the administrative hearing, with an eleventh grade education and past relevant work experience as a brick mason helper and construction worker (R. 45, 47, 44, 184-187).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and the testimony of a Vocational Expert at the administrative hearing, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ found that Plaintiff had the following impairments: hypertension, degenerative disc disease, and a history of carpal tunnel syndrome, status post surgical repair (R. 32), and the record supports this uncontested finding. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, and determined that Plaintiff retained the residual functional capacity (the "RFC") to perform light work with a sit/stand option (R. 34). The ALJ next determined that Plaintiff was unable to perform his past relevant work (R. 38), but relied on vocational expert testimony and rule 202.18 of the Medical-Vocational Guidelines ("the grids") as a framework for decision-making to determine there were jobs existing in significant numbers in the national economy that Plaintiff could perform (R. 38; 57-59). Therefore, the ALJ determined Plaintiff was not under a disability at any time through the date of the decision (R. 39).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises two issues for review: 1) whether the ALJ erred in determining Plaintiff's residual functional capacity by failing to consider all of the claimant's medical conditions and "ignoring" medical evidence; and 2) whether the ALJ erred in obtaining vocational expert testimony by failing to inquire whether the testimony conflicted with the Dictionary of Occupational Titles. The Court reviews these objections in the context of the sequential evaluation used by the ALJ.

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ determined that Plaintiff had the RFC to perform light work with a sit/stand option and resolved the claim at step five by determining that there was other work Plaintiff could perform in the national economy. Upon careful review of Plaintiff's objections, the Court finds no error.

*Substantial Evidence Supports the RFC*

Plaintiff contends that, in formulating the RFC, the ALJ "ignored" medical evidence regarding Plaintiff's breathing condition, specifically a pulmonary functioning test (Doc. No. 17, p. 8, R. 421). According to Plaintiff:

> The pulmonary functioning test that the ALJ failed to consider found Mr. Douglas to have a severe restriction in his breathing abilities. (Transcript 421). It should be noted that the person administering the test noted that Mr. Douglas did not put forth his best effort on the first or second test, but did on the third test which noted a severe restriction. (Transcript 410). This objective test should have been considered by the ALJ.

-4-

Plaintiff contends that the burden at step two to show a severe impairment is minimal, and "had the ALJ considered the test, perhaps he would have reached a different conclusion regarding the claimant's breathing condition being a severe impairment." (Doc. No. 17, p. 9).

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[1] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

---

[1]Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Rodriguez v. Astrue ,* 2011 WL 486118, 3 (M.D. Fla. 2011) (internal citations omitted).

*Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986).

Here, far from "ignoring" Plaintiff's respiratory issue, the ALJ specifically addressed it, finding:

> On June 5, 2006, the claimant was diagnosed and treated for pneumonia in the emergency room (Exhibit 4F). At the January 2007 consultative examination, the claimant was reported to have no significant respiratory impairment (Exhibit 6F). March 14, 2007 diffusing capacity (DLCO) testing results were normal (Exhibit 7F). The claimant testified he used respiratory medications for his breathing problem and the record reflects that the claimant continues to smoke cigarettes. The record does not indicate the claimant has required further emergent care for his respiratory condition and no restrictions have been placed on the claimant's activities as a result of this condition. Accordingly, the undersigned finds the claimant's respiratory condition to be a nonsevere impairment.

(R. 32).

While it is true that the ALJ did not identify the particular test result relied on by Plaintiff in his brief, the Eleventh Circuit has recognized that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," as long as the decision is sufficient to allow the Court to conclude that the ALJ considered the claimant's medical condition as a whole. *See Dyer v. Barnhart,* 395 F. 3d 1206, 1211 (11th Cir. 2005). As set forth in the excerpt above, it is clear that the ALJ did so here.

Moreover, while Plaintiff identifies certain other evidence[2] which may support a finding that the respiratory impairment was severe within the meaning of step two, the standard is not whether a different conclusion could be reached, but, as noted above, whether the conclusion reached by the ALJ was supported by substantial evidence. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, *even if the proof preponderates against it.*" *Phillips v.*

---

[2]Specifically, treatment for bronchitis.

*Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (emphasis supplied). As the ALJ's conclusion is adequately supported, it cannot be disturbed.

*The Vocational Expert Testimony*

Plaintiff next contends that "the ALJ erred in obtaining vocational expert testimony after failing to inquire whether the testimony conflicted with the Dictionary of Occupational Titles ("DOT") as required by Social Security Ruling 00-4p." That ruling provides that the ALJ has an affirmative responsibility to ask about any possible conflict between that vocational evidence and information provided in the DOT when a Vocational Expert ( "VE") provides evidence about the requirements of a job or occupation. *See* SSR 00-4p, 2000 WL 1898704, at *4. It is not disputed that the ALJ did not do so here. This, however, is not reversible error in view of the Eleventh Circuit's finding that the testimony of a VE "trumps" the DOT. *Jones v. Apfel* 190 F.3d 1224, 1229-1230 (11th Cir.1999); *see also Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 796 (11th Cir. 2011) (even assuming an inconsistency existed between VE's testimony and DOT, ALJ did not err by relying on VE's testimony)*; Jones v. Comm'r of Soc. Sec.,* 423 F. App.'x 936, 939 (11th Cir. 2011) ("Even assuming *arguendo* that the ALJ incorrectly found that the VE's testimony was consistent with the DOT, such error was harmless.") *; Miller v. Comm'r of Soc. Sec,* 246 F. App'x 660, 662 (11th Cir. 2007) ("Even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert."). This is especially so here, as there is no suggestion by Plaintiff that the VE's testimony actually does conflict with the provisions of the DOT.

A final note is in order. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment

must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. While it is clear that Plaintiff has challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The decision of the Commissioner was supported by substantial evidence and was made in accordance with proper legal standards. As such, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 5, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record